UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| TYQUAN TARRELL STEWART, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-316-TLS |
| ALLEN COUNTY FORT WAYNE POLICE DEPARTMENT et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case was reassigned to Chief Judge Theresa L. Springmann for all further proceedings pursuant to General Order 2017-4 [ECF No. 6] effective May 1, 2017. The Plaintiff[1] submitted a Complaint [ECF No. 1] against the Defendants Allen County Police Department, and Officers G. Hensler, T. Hughes, Nicklow, and T. Strausborger on September 26, 2016, and also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 3] on September 28, 2017. The Plaintiff on his own motion filed an Amended Complaint [ECF No. 4] on November 11, 2016, and filed a letter [ECF No. 5] asking the Court to rule on this matter on April 21, 2017. Because the Plaintiff on his own motion has filed an Amended Complaint, the Court grants the Plaintiff leave to amend here, and evaluates his Amended Complaint accordingly. *See* Fed. R. Civ. P. 15(a)(2).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915,

---

[1] The Court notes that this is not the first case filed by the Plaintiff. He has filed other cases recently in the Northern District of Indiana: 1:16-CV-138-TLS (filed April 29, 2016, and currently before this Court); 1:16-CV-386-RL (filed Nov. 14, 2016); and 1:17-CV-25-WCL (filed Jan. 23, 2017).

provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff alleges that the Defendants violated his civil rights when they administered a breathalyzer test. The Plaintiff alleges that on September 26, 2016, his sister and brother were pulled over by the Defendant officers after his sister made a left turn in the "far right lane." (Am. Compl. 2; ECF No. 4.) Upon being pulled over, the Plaintiff alleges he asked the Defendant Officers for their names. (*Id.*) The Plaintiff alleges that the Defendant Officers responded by ordering him out of the vehicle, upon which the Defendant Officers patted the Plaintiff down and administered a breathalyzer test to him. (*Id.*) The Plaintiff alleges the results came back ".0." (*Id.*) The Plaintiff alleges the officers then stated "the machine was broke" and "chuckled." (*Id.*) The Plaintiff alleges he then stated to the Defendant Officers that he "was tired of getting mistreated" and that he was a Moorish American. (*Id.*) According to the Plaintiff, one of the Defendant Officers retrieved two empty bottles of alcohol underneath the Plaintiff's seat, but Officer Hensler "testified" that he retrieved the bottles from the front of the vehicle. (*Id.*) The Plaintiff alleges that his sister was never administered a breathalyzer test, nor was she asked if the containers were hers. (*Id.*) The Plaintiff further alleges that his sister was never asked to step out of the vehicle. (*Id.*)

The Plaintiff's Amended Complaint states that the Defendants violated his civil rights on the basis of his race, sex, and religion. The Court construes the Plaintiff's claims as a violation of his Fourth Amendment rights, which are enforceable through a civil action, under 42 U.S.C. § 1983. When public officers violate the constitutional rights of citizens, § 1983 provides the vehicle for a legal claim. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an

individual of federally protected rights. 42 U.S.C. § 1983; see *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights. *Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009). Section 1983 also authorizes claimants to sue persons in their official capacities. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007). Personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

In his Amended Complaint, the Plaintiff alleges that Officer Hensler "testified" about the events that occurred on September 26, 2016. (Am. Compl. 2.) Taken as true for the purposes of this Opinion and Order, *Concentra Health Serv., Inc.*, 496 F.3d at 776–77, the Court notes it is not clear what proceeding the Plaintiff is referring to that resulted in Officer Hensler testifying. But the introduction of this testimony as a factual allegation establishes that the Plaintiff's claims likely involve an underlying criminal proceeding.

If Plaintiff was arrested following the breathalyzer test, this action would be construed as a false-arrest claim under the Fourth Amendment and § 1983. "A finding of probable cause absolutely bars a claim for false arrest under § 1983." *Reynolds v. Jamison*, 488 F.3d 756, 764–65 (7th Cir. 2007) (citing *Smith v. City of Chi.*, 913 F.2d 469, 473 (7th Cir. 1990)). "Probable cause to arrest existed if, at the time the decision was made, 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense.'" *Reynolds*, 488 F.3d at 765 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (brackets and quotations in original)). "The reasonableness of the seizure turns on what

4

the officer knew, not whether he knew the truth or whether he should have known more." *Reynolds*, 488 F.3d at 765 (citing *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986)).

The Amended Complaint lacks appropriate organization and coherence, requiring the Court to extrapolate and infer facts. Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Because the Plaintiff appears to omit the underlying criminal proceeding from his Amended Complaint, the Defendants have not been provided notice as to what the claims are and the grounds on which they rest. "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Id.* at 799. The Plaintiff's Amended Complaint thus does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011).

Even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Amended Complaint does not set forth factual allegations that raise the Plaintiff's right to relief above the speculative level.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until July 14, 2017, to file a second amended complaint. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). When drafting his second amended complaint, the Plaintiff should state all of the key facts, including the results of any other legal proceedings

involving the Defendant that came out of the traffic stop. Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by July 14, 2017, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint [ECF No. 4] and **DENIES** the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 3]. The Court also **DISMISSES** the Plaintiff's initial Complaint [ECF No. 1] as **MOOT**. The Court **GRANTS** the Plaintiff until July 14, 2017, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee.

SO ORDERED on June 14, 2017.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT