# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TYQUAN TARRELL STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:16-CV-316-TLS |
| ) | |
| ALLEN COUNTY FORT WAYNE ) | |
| POLICE DEPARTMENT et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Tyquan Tarrell Stewart's Second Amended Complaint [ECF No. 8] and Motion to Proceed in forma pauperis [ECF No. 9], filed June 29, 2017, against Defendants Fort Wayne Police Department, Officer G. Hensler, an unknown officer, Allen County Court Magistrate Judges Jason C. Custer and David M. Zent, and the State of Indiana.

This case was reassigned to Chief Judge Theresa L. Springmann for all further proceedings pursuant to General Order 2017-4 [ECF No. 6], effective May 1, 2017. The Plaintiff[1] submitted a Complaint [ECF No. 1] against the Defendants Allen County Police Department, and Officers G. Hensler, T. Hughes, Nicklow, and T. Strausborger on September 26, 2016, and also filed his first Motion for Leave to Proceed in forma pauperis [ECF No. 3] on September 28, 2017. The Plaintiff on his own motion filed an Amended Complaint [ECF No. 4] on November 11, 2016, and filed a letter [ECF No. 5] asking the Court to rule on this matter on

---

[1] The Court notes that this is not the first case filed by the Plaintiff. He has filed other cases recently in the Northern District of Indiana: 1:16-CV-138-TLS (filed April 29, 2016, and currently before this Court); 1:16-CV-386-RL (filed Nov. 14, 2016); and 1:17-CV-25-WCL (filed Jan. 23, 2017).

April 21, 2017. The Court granted the Plaintiff leave to amend, and evaluated his Amended Complaint accordingly. *See* Fed. R. Civ. P. 15(a)(2).

The Plaintiff's Amended Complaint stated that the defendants, violated his civil rights on the basis of his race, sex, and religion. The Court construed the Plaintiff's claims as a violation of his Fourth Amendment rights, which are enforceable through a civil action under 42 U.S.C. § 1983. When public officers violate the constitutional rights of citizens, § 1983 provides the vehicle for a legal claim. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983; see *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights. *Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009). Section 1983 also authorizes claimants to sue persons in their official capacities. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007). Personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

In his First Amended Complaint, the Plaintiff alleged that Officer Hensler "testified" about the events that occurred on September 26, 2016. (First Am. Compl. 2.) Taken as true for the purposes of that Opinion and Order, *Concentra Health Serv., Inc.*, 496 F.3d at 776–77, the Court noted it is not clear what proceeding the Plaintiff was referring to that resulted in Officer Hensler testifying. But the introduction of that testimony as a factual allegation established that the Plaintiff's claims likely involved an underlying criminal proceeding.

The Court stated that if the Plaintiff was arrested following the breathalyzer test, this action would be construed as a false-arrest claim under the Fourth Amendment and § 1983. "A

finding of probable cause absolutely bars a claim for false arrest under § 1983." *Reynolds v. Jamison*, 488 F.3d 756, 764–65 (7th Cir. 2007) (citing *Smith v. City of Chi.*, 913 F.2d 469, 473 (7th Cir. 1990)). "Probable cause to arrest existed if, at the time the decision was made, 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [individual] had committed or was committing an offense.'" *Reynolds*, 488 F.3d at 765 (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (brackets and quotations in original)). "The reasonableness of the seizure turns on what the officer knew, not whether he knew the truth or whether he should have known more." *Reynolds*, 488 F.3d at 765 (citing *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986)).

The Court dismissed the Plaintiff's First Amended Complaint without prejudice and denied the Plaintiff's First Motion for Leave to Proceed in forma pauperis. The Court also dismssed the Plaintiff's initial Complaint [ECF No. 1] as moot. The Court granted the Plaintiff leave to file a second amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs or the filing fee. The Plaintiff has timely done so, and the Court now evaluates the Plaintiff's Second Amended Complaint here.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1);

and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff alleges that "in the month of June, 2016,"[2] he was traveling in a car with his sister and brother, when they were pulled over for "allegedly making an illegal left turn in the far

---

[2] The Court notes that Plaintiff's First Amended Complaint states that the incident occurred on September 26, 2017. (First Am. Compl. 2, ECF No. 4.)

left lane." (Second Am. Compl. 3, ECF No. 8) According to the Plaintiff, he asked what he was being pulled over for. (*Id.*) The Plaintiff alleges that he then asked for the officer's badge numbers and names. (*Id.*) The Plaintiff alleges that in response, he was ordered out of the vehicle. The Plaintiff then alleges the officers "performed an illegal search on me . . . without probable cause," specifically, a breathalyzer test. (*Id.*) The Plaintiff alleges he "passed with zero's," but that the officers chuckled saying "it must be broke." (*Id.*) In response, the Plaintiff alleges he told the officers he was a Moorish American. (*Id.*) The Plaintiff alleges that during the course of this conversation, one of the officers called him "a devil." (*Id.*)

The Plaintiff alleges that because of this exchange, he "raised [his] hands in the air and looked towards the east and told Allah [he] was tired of being mistreated." (*Id.*) The Plaintiff alleges that, in response, Officer G. Hensler issued him an open container citation.

The Plaintiff claims that Officer G. Hensler discriminated against him because of his race, religion, and sex. (*Id.* at 4.) The Plaintiff argues that proof of this mistreatment is that his sister, the driver, was not searched or given a breathalyzer during the process. (*Id.*) He also alleges that there was "a lady officer on the scene," and therefore, there was no reason a search couldn't be performed on her too. (*Id.*)

The Plaintiff then alleges that his civil rights were violated at the court proceeding for the open container violation. He alleges that Magistrate Judge Jason Custer violated his Fourteenth Amendment right by denying him a jury trial. (*Id.*) He also alleges that Magistrate Judge David Zent wrongly convicted him. (*Id.*) The Plaintiff states that "these individual[s] conspired against [him] and broke the law doing so." (*Id.*)

Besides these allegations, the Plaintiff also lists the State of Indiana as a defendant in this suit. (*Id.* at 2.) The Court looks at the claims against each Defendant, in turn.

5

### A.    Magistrate Judges Custer and Zent

The Plaintiff alleges that Magistrate Judges Custer and Zent maliciously violated his Fourteenth Amendment due process rights. However, judges, acting in their judicial capacities, have absolute immunity from suit. The Plaintiff's suit concerns actions taken by Judges Custer and Zent in their judicial capacity. Judicial officers are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdictions, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ," *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted), nor is immunity defeated by allegations that the judge conspired with non-immune persons, *Pena v. Mattox*, 84 F.3d 894, 897 (7th Cir. 1996). However, judicial immunity can be defeated where the judge's acts were not taken in the judge's judicial capacity or were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

To aid in the determination of whether a particular act or omission is entitled to judicial immunity, the Seventh Circuit has articulated the following factors to analyze: (1) the expectations of the parties, i.e., whether the parties dealt with the judge as judge; (2) whether the act is normally performed by a judge; and (3) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act "which might as well have been committed to a private person as to a judge." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (citation omitted).

Here, the Plaintiff has articulated that Judge Custer violated his right to have a trial by jury and that both Judges Custer and Zent conspired against him, maliciously. First, the Plaintiff, by his own allegations, admits that Judge Custer acted within the judicial process when allegedly denying him a bench trial. And second, whether or not Judges Custer and Zent acted in bad faith or with malice is not relevant here because judicial immunity applies even when the judicial actions "are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355–56.

Upon analysis of the Plaintiff's Second Amended Complaint, the Court finds that the parties engaged with Magistrate Judges Custer and Zent while the judges where in their judicial capacities, in which the judges made rulings within their discretion and judgment. Accordingly, Defendant Magistrate Judges Custer and Zent are entitled to absolute judicial immunity, and the Plaintiff's claims concerning actions taken by them are dismissed with prejudice.

**B.    State of Indiana**

The Plaintiff lists the State of Indiana as a Defendant in this action without any particularity as to what it is liable for. The Plaintiff's allegations against the State of Indiana are insufficient for two reasons. First, the Defendant has not been provided notice as to what the claims are and the grounds on which they rest. "To form a defense, a defendant must know what [it is] defending against; that is, [it] must know the legal wrongs [it] is alleged to have committed and the factual allegations that form the core of the claims asserted against [it]." *Standard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011). Second, the Plaintiff's Second Amended Complaint is deficient because it does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" to state a claim against the state. *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011).

In addition, the State of Indiana, without anything more alleged by the Plaintiff, is entitled to sovereign immunity from suit. *Nelson v. La Crosse Cty. Dist. Att'y. (State of Wis.)*, 301 F.3d 820, 828 n.7 (7th Cir. 2002).

Accordingly, the State of Indiana is dismissed from this action.

**C      Fort Wayne Police Department and Officers**

The Plaintiff has alleged a viable claim for false arrest under 42 U.S.C. § 1983. *See Reynold*, 488 F.3d at 765. The Plaintiff here, proceeding pro se, is entitled to have his Second Amended Complaint liberally construed by this Court. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed, . . .' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . .'") (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Plaintiff's allegations give "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (holding that in order to state a cause of action under § 1983, the Supreme Court requires only two elements that may be put forth in a short and plain statement: (1) the plaintiff must allege that some person has deprived him of a federal right and (2) the plaintiff must allege that the person who has deprived him of the right acted under color of state law).

Accordingly, the Plaintiff may advance his claim of false arrest against the Defendants City of Fort Wayne Police Department, Officer G. Hensler, and unknown officer.

## CONCLUSION

In addition to the Plaintiff's claims against the City of Fort Wayne Police Department, Officer G. Hensler, and the unknown officer, the Plaintiff's Petition establishes that he is unable to prepay the filing fee. 28 U.S.C. § 1915(a). Accordingly, the Court:

(1) **GRANTS** the Plaintiff's Petition [ECF No. 9];

(2) **DEFERS** payment of the filing fee;

(3) **ORDERS** the Plaintiff to pay the filing fee from the proceeds of any recovery that is received in this case;

(4) **DIRECTS** that, pursuant to 28 U.S.C. § 1915(d), the United States Marshal's Service effect service of process on the Defendants City of Fort Wayne Police Department, and Officer G. Hensler; and

(5) **DISMISSES** Defendant Allen County Court Magistrate Judges Jason Custer and David Zent, as well as the State of Indiana.

SO ORDERED on August 14, 2017.

> s/ Theresa L. Springmann
> CHIEF JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT