# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 1:16-cv-00316-SLC |
| | ) |
| G. HENSLER, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

On October 19, 2017, pro se Plaintiff Tyquan Stewart filed a letter (DE 21) in this 42 U.S.C. § 1983 case, stating that he has contacted several attorneys and legal associations concerning this matter, but he was unsuccessful in obtaining an attorney to represent him. On November 6, 2017, Stewart filed another letter (DE 32), asking that the Court appoint counsel for him. For the following reasons, Stewart's letters, which the Court will construe to be a motion requesting the appointment of counsel, will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). But under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt*, 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Id.* at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

Stewart represents that he has contacted at least three attorneys or legal associations about this matter, but none have taken his case. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."). Thus, although Stewart has satisfied the threshold element of a request for counsel, several attorneys have chosen to pass up the opportunity to represent him. This circumstance speaks rather directly to the merits of Stewart's case and raises a fair inference that these attorneys did not view his case as meritorious. *See id.* (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

As to the second portion of the inquiry, Stewart seems capable of litigating his claims himself, at least at this stage of the proceedings. He has already articulated his claims in this suit (DE 1; DE 4; DE 12); sought various forms of relief through filing motions (DE 3; DE 5; DE 9; DE 21; DE 32); participated in the parties' planning meeting (DE 24); participated in a Rule 16 preliminary pretrial conference (DE 31); and served Defendants with a written discovery request (DE 29). Furthermore, this suit is a relatively straightforward § 1983 action: Stewart claims that Defendants violated his Fourth Amendment rights when they detained, searched, and arrested him in June 2016 after the vehicle he was riding in was pulled over by the Defendant officers. (DE 1; DE 4; DE 7; DE 12). Accordingly, the first factor—the difficulty of his claims— cuts against Stewart's request for counsel. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where pro se plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Moreover, it is evident from his filings and participation in the preliminary pretrial conference that Stewart has reasonably good communication skills, at least at a sufficient level to proceed pro se. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. July 25, 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). Further, Stewart is not presently incarcerated and thus has the freedom to perform his own research. Many of the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited. And although Stewart mentioned at the preliminary pretrial conference that he suffers from post traumatic stress disorder and a

3

schizoaffective disorder, there is no indication that these conditions would preclude him from representing himself in this matter. Rather, Stewart reported that he is under the care of a psychiatrist and takes medication for these conditions.

Considering the foregoing, Stewart appears competent to adequately handle the litigation of this § 1983 case at this stage of the proceedings. Consequently, to the extent he has asked that the Court recruit counsel for him, that request will be denied. If Stewart's case survives the filing of dispositive motions, the Court will reconsider recruiting counsel for him upon his further motion. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

## CONCLUSION

For the forgoing reasons, Stewart's letters (DE 21; DE 32), which request that the Court appoint him counsel, are DENIED. Stewart is, of course, free to attempt to secure counsel on his own.

SO ORDERED.

Entered this 14th day of November 2017.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge