UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| TYQUAN STEWART *(bey)*, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:16-cv-00316-SLC |
| G. HENSLER, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion to dismiss and a supporting memorandum filed by Defendant Fort Wayne Police Department ("FWPD") and the City of Fort Wayne ("City") (together, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6), asking that the Court dismiss *pro se* Plaintiff Tyquan Stewart's ("Stewart") claims against the FWPD and Officer "T. Strausborger Nicklow." (DE 58). Stewart timely filed a response brief (DE 63) in opposition to the motion, and Defendants timely filed a reply (DE 67); the motion is now ripe for adjudication.[1] For the following reasons, Defendants' motion will be GRANTED.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Ray v. City of Chi.*, 629 F.3d 660, 662-63 (7th Cir. 2011)

---

[1] Federal question jurisdiction exists under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (DE 6).

(citation omitted) ("While the federal pleading standard is quite forgiving . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads [himself] out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007)).

When a plaintiff is proceeding *pro se*, the Court must liberally construe his pleading. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). *Pro se* submissions are held "to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

## II. ANALYSIS

### A. Stewart's Claims Against the FWPD

Defendants first move to dismiss all of Stewart's claims against the FWPD, asserting that it is not a suable entity. Defendants' arguments are grounded in the law.

"Municipalities are subject to suit for constitutional violations pursuant to 42 U.S.C. § 1983." *Martin v. Teusch*, No. 1:09-CV-321 JVB, 2010 WL 1474525, at *2 (N.D. Ind. Apr. 9, 2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). However, "local government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)). "Under Indiana law, a '[m]unicipal corporation' is a 'unit, . . . or other separate local governmental entity that may sue and be sued.'" *Id*. (alterations in original)

(quoting Ind. Code § 36-1-2-10). A "unit" means a "county, municipality, or township." *Id.* (quoting Ind. Code § 36-1-2-23). A "municipality" is a "city or town." *Id.* (quoting Ind. Code § 36-1-2-11).

Thus, under these Indiana statutes, a municipal police department has no separate legal existence apart from the city with which it is affiliated. *See Martin v. Fort Wayne Police Dep't*, No. 1:11-CV-346-JFB-RBC, 2014 WL 854093 (N.D. Ind. Mar. 5, 2014); *Martin v. Fort Wayne Police Dep't*, No. 1:09-CV-48-TLS, 2010 WL 4876728, at * (N.D. Ind. Nov. 23, 2010). That is, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow*, 636 F.3d at 300 (citation omitted). Accordingly, "a city's police department is not a suable entity apart from the municipality." *Teusch*, 2010 WL 1474525, at *2; *see also West v. Waymire*, 114 F.3d 464, 646-47 (7th Cir. 1997) (articulating that Indiana municipal police departments lack the capacity to be sued); *McAllister v. Town of Burns Harbor*, 693 F. Supp. 2d 815, 822 n.2 (N.D. Ind. 2010) (same); *Vela v. Indianapolis Police Dept.*, No. 1:06-cv-1481-SEB-JMS, 2008 WL 191977, at *4 (S.D. Ind. Jan. 22, 2008) (collecting cases); *Culbreath v. Florea*, No. 3:06-CV-0749 WL, 2007 WL 433075, at *2 (N.D. Ind. Feb. 5, 2007) ("[U]nder Indiana law, a 'police department' has no separate corporate existence and is therefore not a suable entity." (citation omitted)).

Therefore, because the FWPD is not a suable entity, Stewart's complaint fails to state a claim upon which relief can be granted against the FWPD. Consequently, all of Stewart's claims against the FWPD will be dismissed.

### B. Stewart's Claims Against Officer "T. Strausborger Nicklow"

Defendants also seek to dismiss all of Stewart's claims against Officer "T. Strausborger

Nicklow," stating that the City does not, and never has, employed a FWPD officer by the name of "T. Strausborger Nicklow" as alleged in Stewart's complaint. As such, Defendants contend that Stewart's claims against Officer "T. Strausborger Nicklow" fail to state a claim upon which relief can be granted.

Defendants explain that they disclosed to Stewart in their initial disclosures in November 2017 that Officer T. Strausborger and Officer George Nicklow are two separate officers who may have been involved in the incident giving rise to Stewart's complaint. (DE 38 at 4). Nevertheless, Stewart has not sought to correct his pleading error. Defendants further emphasize that the deadline for Stewart to amend his pleadings passed several months ago, on December 27, 2017 (DE 24; DE 31), and that Stewart has amended or attempted to amend his complaint at least five times. (DE 1; DE 4; DE 8; DE 12; DE 30; DE 39; DE 54). Defendants further point out that on March 1, 2018, when the Court afforded Stewart another opportunity to amend his complaint, the Court cautioned Stewart that any further attempts to amend his complaint would be summarily denied. (DE 52 at 2).

In response, Stewart states that he made an error in how he wrote down the officers' names, citing his mental illness as a factor that contributed to his mistake. (DE 63 at 1). He asks that he be afforded an opportunity to correct the names in an amended complaint. (DE 63 at 5). While Stewart has been afforded sufficient opportunities to amend his complaint, the Court nevertheless considers that Stewart is proceeding *pro se*, and that cases should be tried on their merits and not dismissed on technical grounds. *See Woods v. Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 883 (7th Cir. 1993). Nor have Defendants suggested that allowing an amendment solely to correct these two officers' names would result in prejudice to

Defendants. Furthermore, the discovery period remains open for three more months.

Consequently, the Court will grant Defendants' motion to dismiss all of Stewart's claims against Officer "T. Strausborger Nicklow," but will afford Stewart <u>one final opportunity</u> to file a proposed amended complaint <u>that solely</u> substitutes "Officer George Nicklow" and "Officer T. Strausborger" for Officer "T. Strausborger Nicklow." Plaintiff is not to add any claims or other parties that are not already in the operative complaint of record (DE 54) dated March 1, 2018. No further opportunities to amend will be afforded to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (DE 58) is GRANTED, and all of Stewart's claims against the FWPD and Officer "T. Strausborger Nicklow" are DISMISSED. Stewart is AFFORDED one final opportunity to file a proposed amended complaint that solely substitutes Officer George Nicklow and Officer T. Strausborger for "T. Strausborger Nicklow." Stewart is CAUTIONED that he is not to add any claims or other parties that are not already in the operative complaint of record dated March 1, 2018. (DE 54). The Clerk is DIRECTED to send to Stewart a copy of this Opinion and Order, a copy of the operative complaint of record (DE 54) for his reference, and a blank civil complaint for Stewart to complete and file on or before June 5, 2018. The Court is not inclined to afford Stewart any extensions to this deadline.

SO ORDERED.

Entered this 22nd day of May 2018.

                                                /s/ Susan Collins
                                                Susan Collins
                                                United States Magistrate Judge